UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISON

| | | |
|---|---|---|
| **ERIK REYNOLDS,** | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No. 9:19-CV-00154** |
| | § | |
| **UNITED FINANCIAL CASUALTY** | § | **JURY TRIAL DEMANDED** |
| **COMPANY D/B/A PROGRESSIVE,** | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Erik Reynolds ("Plaintiff") files his Original Complaint ("Plaintiff's Complaint") complaining of Defendant, United Financial Casualty Company d/b/a Progressive ("UFCC" or "Progressive"), and for declaratory relief and causes of action, would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff Erik Reynolds is an individual and resident of Texas.

2. Defendant United Financial Casualty Company is a foreign property and casualty insurance company licensed to do business in Texas whose principal place of business is in the State of Ohio and can be served through its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. This Court has personal jurisdiction over all of the parties in this suit. Progressive is licensed to do business in Texas, maintains offices in Texas, conducts business all over Texas, and issued the policy of insurance forming the basis of this lawsuit to a Texas resident. The

Court has subject matter jurisdiction over this lawsuit because the amount in controversy is within the jurisdictional limits of this Court.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this case because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

5. This Court has jurisdiction over Defendant because it has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas, and in doing so, Defendant committed improper acts that comprise the subject matter of this suit. More specifically, Progressive issued the policy of insurance forming the basis of this lawsuit providing coverage to Plaintiff, a Texas resident.

6. Venue is proper in this Court and in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2). More specifically, Plaintiff, at all times material, resided in Lufkin, Texas and entered into the insuring agreement with Progressive while residing in Lufkin, Texas. Progressive's refusal to abide by its obligations under the subject insuring agreement has occurred while Plaintiff was residing in Lufkin, Texas.

## III.
## FACTUAL BACKGROUND

7. Plaintiff's claims arise out of a serious, multi-car motor vehicle crash (hereinafter the "Incident") which occurred on or about December 5, 2017, during which a vehicle driven by Hong Nguyen ("Nguyen") negligently and violently collided with a vehicle operated by Cameron Robinson ("Robinson"), thereby causing Mr. Robinson's vehicle to collide into

Plaintiff's vehicle. Following the Crash, a police officer with the Garland Police Department investigated the Crash and concluded that Nguyen was responsible for the Crash because he failed to yield the right of way.

8. As a result of the Crash, Plaintiff was transported to the emergency room via ambulance to receive emergent medical attention. During the Crash, Plaintiff's head violently collided with the left parietal region on the upper car handle inside his vehicle. Plaintiff also experienced injuries to his back and elbow. In the months following the Crash, Plaintiff experienced repeated episodes of dizziness, nausea, vomiting, memory and concentration deficits, speech deficits, changes to his personality, fatigue, panic attacks, sensitivity to light, and headaches. In time, Plaintiff underwent cognitive testing to evaluate his level of cognitive functioning as a result of the injuries he sustained in the Crash. After submitting to necessary testing, Plaintiff was admitted to a brain injury program.

9. At the time of the Crash, Plaintiff was transporting passengers using his vehicle in connection with an agreement between Plaintiff and Uber. Uber is a "transportation network company" and, accordingly, at the time of the Crash, Plaintiff was a "TNC driver" (i.e. an individual who entered into a contact with Uber to provide certain ride-share services to Uber customers). As a result, at the time of the Crash, Plaintiff was insured by a policy of insurance issued by Progressive.

10. Prior to filing this Complaint, Plaintiff pursued a claim against Nguyen (pre-suit) (the "Liability Claim"). At the time of the Crash, Nguyen was insured by a policy of insurance issued by Falcon Insurance Company with policy limits totaling $30,000. Due to the fact that other drivers who were injured in the Crash had received proceeds from Nguyen's liability policy, Plaintiff settled his claim against Nguyen for $8,500—which amount was the total

amount remaining of Nguyen's liability policy limits (which was also the only insurance policy providing coverage on behalf of Nguyen). Plaintiff's recovery on the Liability Claim does not come close to fully compensating him for the injuries and damages he sustained in the Crash. The Liability Claim was settled without prejudice to Plaintiff's rights to pursue his rightful UIM benefits from Progressive. In fact, Progressive consented to Plaintiff's settlement with Nguyen. Based upon information and belief, the vehicle driven by Nguyen was at all times material to this action an "underinsured" motor vehicle and, likewise, Nguyen was an "underinsured" motorist.

### The Progressive Policy

11. At all relevant times, Plaintiff was insured under an automobile insurance policy with United Financial Casualty Company, Policy No. 06250026-4 ("Progressive UIM Policy"). The Progressive UIM Policy provided for underinsured motorist coverage in the event Plaintiff was involved in a collision causing injury or damage. Progressive assigned claim number 17-5366520 (the "UIM Claim") to Plaintiff's claim file. Plaintiff presented Progressive with (1) medical bills and records reflecting Plaintiff's reasonable and necessary medical expenses as a result of the injuries that he sustained in this Crash, and (2) documentation evidencing other compensable damages that Plaintiff sustained as a result of this Crash.

12. After receiving Plaintiff's demand and documents, and after significant delay, Progressive made analysis of Plaintiff's UIM Claim and took the clearly erroneous position that Plaintiff's UIM Claim is only worth a nominal amount.

### Nguyen was Negligent

13. At the time of the Crash, and immediately prior thereto, Nguyen, through negligent acts and/or omissions, caused injury and damage to Plaintiff. One or more of the

following acts or omissions of Nguyen constitutes negligence and was a proximate cause of the incident made the basis of this lawsuit:

    a.    Failure to make application, or timely application of the brakes on the vehicle he was operating prior to the Crash, as a reasonably prudent person would have done under the same or similar circumstances;

    b.    Driving his vehicle at a rate of speed greater than that which an ordinary prudent person would have driven under the same or similar circumstances;

    c.    Failure to maintain a proper lookout, contrary to what a reasonably prudent person would have done under the same or similar circumstances;

    d.    Failure to maintain proper control of his vehicle, contrary to what a reasonably prudent person would have done under the same or similar circumstances; and

    e.    Failure to yield the right of way, contrary to what a reasonably prudent person would have done under the same or similar circumstances.

14.    Any or all of the acts or omissions described above, among others, by the Tortfeasor constitute negligence at common law and/or as a matter of law, and any or all of said acts and omissions were a proximate cause of the occurrence, damages, and injuries complained of herein.

## IV.
## CAUSES OF ACTION

### COUNT ONE: DECLARATORY JUDGMENT

15.    Each of the foregoing paragraphs is incorporated herein for all purposes.

16.    Plaintiff brings this suit for declaratory judgment under Chapter 37 of the Texas Civil Practice & Remedies Code, the Uniform Declaratory Judgments Act (the "UDJA") against Progressive.

17. Plaintiff tendered a UM/UIM claim for coverage under the Progressive UIM Policy referenced herein, yet Progressive has failed to satisfy that claim when coverage and entitlement to recovery was reasonably clear.

18. Accordingly, Plaintiff submits this request for declaratory relief requesting a declaration from this Court:

    a. That Plaintiff's UIM Claim, arising out of the Crash, is covered under the Progressive UIM Policy;

    b. That the negligence of the underinsured motorist (i.e. Nguyen) was the proximate cause of the Crash and Plaintiff's injuries and damages; and

    c. Establishing the amount of UIM benefits to which Plaintiff is entitled to recover from Progressive, after all applicable set-offs and credits, for each of the following elements of damages covered under the Progressive UIM Policy:

        i. Past and future reasonable and necessary medical treatment;

        ii. Past and future physical impairment;

        iii. Past and future physical pain and suffering;

        iv. Past and future mental anguish; and

        v. Past and future lost earning capacity.

19. Furthermore, under the UDJA, Plaintiff hereby asserts his entitlement to recover his attorney's fees, all pre and post-judgment interest, and costs as a result of having to initiate this proceeding against Progressive, and Plaintiff hereby sues and seeks recovery of same from Progressive.

### DAMAGES

20. Plaintiff has sustained the following damages as a result of Nguyen's negligence:

    a.    Medical care expenses incurred in the past;

    b.    Medical care expenses that, in reasonable probability, Plaintiff will incur in the future;

    c.    Physical impairment sustained in the past;

    d.    Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    e.    Physical pain and suffering sustained in the past;

    f.    Physical pain and suffering that, in reasonable probability, Plaintiff will sustain in the future;

    g.    Mental anguish sustained in the past;

    h.    Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    i.    Loss of earning capacity sustained in the past; and

    j.    Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

21.    Plaintiff seeks recovery of all damages arising from his injury claims which should have been properly provided pursuant to the Progressive UIM Policy and any damages to which Plaintiff, in law and in equity, is justly entitled. Plaintiff also seeks recovery of his attorney's fees as allowed by law, court costs, and pre and post-judgment interest as allowed by Texas law.

### CONDITIONS PRECEDENT

22.    Plaintiff asserts that all conditions precedent to the bringing of the causes of action asserted in this pleading have been performed, have occurred, or have been waived.

### V.
### DEMAND FOR JURY

23.    Plaintiff demands a jury trial and tenders the appropriate fee.

## PRAYER

Plaintiff respectfully requests that Defendant be cited to answer and appear, and, that upon final trial, Plaintiff recovers damages as specified above, from Defendant. Plaintiff further prays that the Court will enter a Declaratory Judgment as requested herein and award all attorney's fees plus costs of court, pre-judgment and post-judgment interest at the legal rate, and grant such other and further relief, general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**DEANS & LYONS, LLP**

_____

**Christopher J. Simmons**
Texas Bar No. 24058796
**Michael P. Lyons**
Texas Bar No. 24013074
**Stephen Higdon**
Texas Bar No. 24087719
325 N. Saint Paul St., Ste. 1500
Dallas, Texas 75201
(214) 965-8500 (t)
(214) 965-8505 (f)
csimmons@deanslyons.com
mlyons@deanslyons.com
shigdon@deanslyons.com
**ATTORNEYS FOR PLAINTIFF**